DANIEL et al. v. MAYER.

No. 14964.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 17, 1948.

Hal McConnell, of Fort Worth, and Mark Callaway, of Brownwood, for appellants.

William Sweet, Jr., of Dallas, for appellee.

HALL, Justice.

Appellee, Patricia Daniel, widow of the late Bill Lloyd Daniel, who was instantly killed on April 22, 1947 in an airplane accident, filed this suit in a district court of Tarrant County against appellants. Previous to the trial she became the wife of a Mr. Mayer. In her petition she alleged, among other things, that she was the sole heir to the community estate of her late husband; that at the time of the untimely death of her husband he was the owner of a jeep automobile; that defendant, W. L. Daniel, of Parker County, father of her deceased husband, had possession of the jeep at the time of the death of her husband and that he unlawfully sold said jeep to the defendant, Earl H. Evans, of Tarrant County. She sues both above named parties for recovery of the jeep and/or the amount of its value in the sum of $900.00

Appellant W. L. Daniel specially excepted to plaintiff's petition on the ground the allegations failed to show there was no administration pending on the estate of said Bill Daniel, deceased, and none necessary, which exception was overruled by the court. Further answering, appellant Daniel alleges by way of a cross action that in the event appellee recovered judgment against him for the jeep that he in turn should be reimbursed the sum of $700.00 for funeral expenses which he expended in connection with the funeral of appellee's husband.

Appellant Earl H. Evans by way of answer alleged, among other things, that he was an innocent purchaser of the jeep in question; that he made certain repairs which cost him a total sum of $330.00 and prayed for judgment for the vehicle in question; in the alternative he seeks judgment over against appellant W. L. Daniel in the sum of $1030.00, the price he paid Daniel for the vehicle, plus the sum of $330.00 for repairs.

The case was tried to the court, which rendered judgment in favor of appellee. Hence this appeal by appellants; their points Nos. 1 to 6 cover the following three propositions:

(1) Error of the court in failing to sustain and in overruling defendant's special exception to plaintiff's petition set out in paragraph 1 of W. L. Daniel's answer, which special exception was leveled at the petition because there was no allegation in said petition to the effect that no administration was pending and no necessity for same.

(2) Error of the court in refusing to permit appellant W. L. Daniel from introducing in evidence under his cross action the amount of his funeral bill which he held against the estate of the said Bill Daniel, deceased.

(3) The court erred in rendering judgment in favor of appellee and against appellants because the overwhelming preponderance of the evidence shows that the jeep involved had been given to appellant W. L. Daniel by the deceased Bill Daniel and appellee herein.

Appellee's petition states there was no administration had on the estate of her late husband but does not allege there was no necessity for such administration. We find under the law it is necessary not only to allege and prove such facts but to also allege and prove that decedent left no will before the heirs of an estate within the administration period of four years can maintain suit to recover the property of the estate. Zamora et al. v. Gonzalez et al., Tex.Civ.App., 128 S.W.2d 166, writ refused.

Defendant's special exception complaining of the failure of plaintiff's petition to negative the necessity for administration should have been sustained. We therefore sustain appellants' first point of error.

The evidence in the record before us indicates that appellant's claim for funeral expenses was the only unpaid claim against the estate of the deceased. If the proof should be the same upon another trial, the district court would have jurisdiction of appellant W. L. Daniel's cross action setting up such funeral bill. See the opinion in Rogers v. Barbee et al., Tex. Civ.App., 32 S.W.2d 666, for statement of the applicable rules and authorities there relied on. Art. 3370, sec. 4, Vernon's Ann. Civ.St. Appellants' second point of error is sustained.

In view of the fact that the case must be remanded for another trial, we shall not pass on the question of whether the proof is sufficient to show that the deceased before his death had made a valid gift of the jeep to appellant.

Reversed and remanded.