**L. W. LITTLEJOHN, Appellant,**

v.

**Richard M. FINDER et al., Appellees.**

No. 13805.

Court of Civil Appeals of Texas.

San Antonio.

June 28, 1961.

W. Rachel Littlejohn, Beeville, for appellant.

Kliewer & Roach, Dallas, J. G. Knight, Beeville, for appellees.

POPE, Justice.

L. W. Littlejohn has appealed from the trial court's orders on a temporary injunction. Littlejohn, the lessor of an oil and gas lease, sued Richard M. Finder and others for a declaratory judgment that the lease terminated, and by alternative pleas asked for damages on several theories. During the pendency of that suit, defendant Finder applied for a temporary injunction and asserted that he was the operator of the lease, had completed a producing gas well on the lease, was attempting to market the gas, and that Littlejohn prevented him from coming on the premises. The trial court restrained Littlejohn from interfering with Finder's ingress and egress and set a date for hearing Finder's application for temporary injunction. Plaintiff, Littlejohn, moved for a dissolution of the restraining order and also filed a petition seeking an injunction to prohibit Finder from entering upon the premises to make the pipe line connection until the suit between them was tried on its merits. At the injunction hearing, the court considered only the sworn pleadings and affidavits and then made four orders. The court (1) denied Littlejohn's prayer for temporary injunction that Finder be kept off the premises, (2) granted Finder's prayer that Littlejohn be enjoined from interfering with Finder's ingress and egress upon the leased premises pending final determination, (3) ordered Finder to make bond for $5,000, and (4) ordered all proceeds received by any of the parties for oil, gas or other minerals to be deposited into the registry of the court pending final trial.

Littlejohn contends that the court erred in considering only the pleadings and affidavits and in not hearing evidence. See, Lee v. Howard Broadcasting Corporation, Tex.Civ.App., 305 S.W.2d 629. The record, as reflected by a bill of exception, is that "all parties agreed that a reporter would not be needed, that the matter should be heard and determined upon the pleadings, affidavits and exhibits." That bill of exception is not overcome and this Court is bound by it. Rule 372(h, j), Texas Rules of Civil Procedure.

■ The pleadings and affidavits before the trial court showed that there is a substantial dispute over the present validity of the oil and gas lease as well as rights arising under it. A great portion of the briefs relate to the issues which must await the trial upon the merits. The temporary orders do not, nor do we now settle any of those disputes and ultimate rights. We are here concerned with temporary orders only. The trial court made certain findings and conclusions which appellant fears are a prejudgment of the merits, but they can not have that force and effect. We regard and treat the findings and conclusions as the trial court's decision that, at least,

there is a bona fide dispute involving important property rights. In our opinion, the matters before the trial court support that conclusion, and this is a proper case for maintaining the status quo by a temporary injunction. Southwest Weather Research, Inc. v. Jones, Tex., 327 S.W.2d 417; City of Lubbock v. Stubbs, Tex., 327 S.W. 2d 411; Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549; Garcia v. Sun Oil Company, Tex.Civ.App., 300 S.W.2d 724. The trial court did this by orders which permitted Finder to operate the lease, but only after he has provided protection to Littlejohn by a bond and by making Finder responsible for placing all proceeds from the operation in the registry of the court. Littlejohn had also asked for this protection, alternatively.

■ Littlejohn urges that certain necessary parties were not joined in the injunction matter. The matter of parties upon the trial of the merits will present a serious matter, but this proceeding concerns temporary orders. One with rights which need preservation pending final trial, need not join all necessary parties before he can obtain interim orders. If that were the rule, his rights might be lost before the parties could be found and joined. The fact that the case can not be disposed of on its merits, in some situations, may be reason for the urgent need for temporary protection. Lowe v. City of Del Rio, 132 Tex. 111, 122 S.W.2d 191; Lowe and Archer, Texas Practice, § 323.

■ Littlejohn also protests the form of the injunction order because it does not state the reasons, but the order is aided by the court's findings and conclusions which do express the court's specific reasons rather fully. The findings and conclusions, therefore, supply the things required by Rule 683, T.R.C.P. See, Garcia v. Tubbs, Tex.Civ.App., 300 S.W.2d 736; Garcia v. Sun Oil Company, Tex.Civ.App., 300 S.W. 2d 724.

In our opinion, the court in the fair exercise of discretion has protected the rights of both parties until title is adjudicated. The decree is affirmed.