**Edmund FIEDLER, Appellant,**

v.

**Sidney B. DENTON and Murray B. Denton, Appellee.**

**No. 14042.**

Court of Civil Appeals of Texas.

San Antonio.

March 20, 1963.

Rehearing Denied April 17, 1963.

Darrell G. Lochte, Robert R. Barton, Kerrville, for appellant.

Nicolas & Nicolas, Corpus Christi, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Nueces County by Sidney B. Denton and Murray B. Denton, individually and as heirs at law of Mable Jackson, deceased, against Edmund B. Fiedler, to recover on three separate and unrelated written obligations, described by appellant in his brief as follows:

"(a) A certain promissory note in the original amount of $2,544.00, executed by Appellant and one Mable Jackson payable in installments solely to Appellee Sidney B. Denton in Corpus Christi, Texas, which will be referred to as the 'Denton Note'.

"(b) A certain promissory note executed by Edmund B. Fiedler, in the principal amount of $4,500.00, payable to the order of Mable Jackson On Demand in Kerrville, Texas, which will be referred to as the 'Mable Jackson note'.

"(c) A certain bank draft in the amount of $200.00, payable to the order of Mable Jackson, which will be referred to as 'the Mable Jackson draft'."

Appellant, Edmund B. Fiedler, filed a plea of privilege, in proper form, to be sued in Kerr County, Texas, the county of his residence. Appellees, Sidney B. and Murray B. Denton, filed their controverting plea seeking to retain venue as to all three obligations in Nueces County, under the so-called Middlebrook Doctrine, found in Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935.

The effect of this plea was that inasmuch as the District Court of Nueces County had jurisdiction of obligation (a) under subdivision 5 of Art. 1995, Vernon's Ann.Civ. Stats., appellees were entitled to join obligations (b) and (c) in the same suit in order to avoid a multiplicity of suits. This is a well-recognized doctrine. Parkhill Produce Company v. Pecos Valley Southern Ry. Co., Tex.Civ.App., 348 S.W.2d 208.

■ The trouble here is that this record shows upon its face that appellees are suing on obligations (b) and (c) as heirs of Mable Jackson, within the four-year administration period, without showing that there is no necessity for an administration upon her estate. The general rule is well stated in 20 Tex.Jur.2d, Descent and Distribution, § 40, p. 122, as follows: "An heir can generally maintain an action to recover property belonging to an estate * * * only on pleading and proof that there are no will, no administration, and no necessity for administration, when the suit is brought within the four-year administration period. Moore v. Blackwell (CA) 85 S.W.2d 980, err. dismd.; Elliott v. Elliott (CA) 213 S.W. 2d 459, err. ref. n. r. e.; Daniel v. Mayer (CA) 213 S.W.2d 753 (wherein petition merely stated that there was no administration); Cox v. Campbell (CA) 257 S.W. 2d 462, reh. den., err. ref.; Lyons v. Keith (CA) 316 S.W.2d 785, reh. den., err. ref., n. r. e."

■ Here the appellees failed to prove that there was no necessity for an administration of the estate of Mable Jackson, deceased, and therefore the only proper party to bring a suit on obligations (b) and (c) would be an administrator or executor of the estate of Mable Jackson, deceased. 20 Tex.Jur., Descent and Distribution, § 41, p. 123; Youngs v. Youngs, Tex.Com.App., 26 S.W.2d 191; Dutchover v. Dutchover, Tex.Civ.App., 334 S.W.2d 569; Goss v. Phillips, Tex.Civ.App., 292 S.W.2d 700; Wilson v. Wilson, Tex.Civ.App., 216 S.W. 2d 684; French v. French, Tex.Civ.App., 148 S.W.2d 930; Barton v. Warner, Tex. Civ.App., 142 S.W.2d 303; Ragsdale v. Prather, Tex.Civ.App., 132 S.W.2d 625; Cyphers v. Birdwell, Tex.Civ.App., 32 S. W.2d 937.

The record here affirmatively shows that appellees were not proper plaintiffs to bring and maintain this suit as to obligations (b) and (c), and therefore cannot maintain venue in Nueces County as to these obligations, under the Middlebrook doctrine. Finder v.

Jenka Corp., Tex.Civ.App., 348 S.W.2d 236, 237.

The judgment of the trial court will be affirmed as to obligation (a), but will be reversed as to obligations (b) and (c), and the venue as to these two obligations will be transferred to the District Court of Kerr County, Texas. The clerk of the trial court in making the transfer will follow the procedure prescribed in Rule 89, Texas Rules of Civil Procedure.