**George PIKE, Appellant,**

v.

**Margaret CROSBY and Almeda Duncan, Appellees.**

**No. 4473.**

Court of Civil Appeals of Texas, Eastland.

Sept. 3, 1971.

Rehearing Denied Oct. 15, 1971.

George T. Thomas, Big Spring, for appellant.

John R. Coffee, Big Spring, Maxwell Bryant Stout, Austin, for appellees.

McCLOUD, Chief Justice.

This is an appeal of a temporary injunction granted against appellant, George Pike, restraining him from disposing of any of the estate of Ora Badger, deceased, pending final trial on the merits. Appellees, Margaret Crosby, W. D. Crosby, Eloise Adams, and Almeda Duncan brought suit to cancel a trust conveyance, made by Ora Badger to appellant, of all of her property, to be held in trust for her benefit during her life, and title to vest in appellant upon her death.

Appellant contends that the trial court erred in granting the ancillary temporary injunction because: (1) Appellees did not plead a cause of action on the merits since their pleadings affirmatively showed that none of the appellees had a justiciable interest in, or legal capacity to bring and maintain such cause; (2) appellees' pleadings failed to affirmatively show that any of appellees had a justiciable interest in, or legal capacity to bring or maintain the suit on the merits; and (3) there was no evidence to show that any of the appellees, in the respective capacities in which they asserted their rights to bring and maintain such cause, had a probable right of recovery upon the cause of action pleaded. We agree.

Appellees filed suit to cancel a written conveyance, to which none of the appellees were parties, and in the cancellation of which none of the appellees would have any interest one way or another except if, and to the extent, the death of Ora Badger gave them an interest. Prior to the temporary injunction hearing appellant by motion to the jurisdiction, plea in abatement, and special exception, properly challenged appellees' authority and capacity to bring the suit.

As to the justiciable interest of appellee, Almeda Duncan, and her legal capacity to bring the suit, appellees alleged in their second amended original petition that: "Almeda Duncan, though she is not an heir at law of the deceased, is a principal devisee in the last will and testament of Ora Badger * * * and is joined as a party plaintiff because of her conditional interest in such estate * * *" Appellees' petition further stated: "Plaintiffs here and now allege that it has been agreed between them that such will will not be filed for probate until such time as this Honorable Court renders a judgment setting aside the Trust Conveyance and Agreement * * *"

The allegation that the will has not been probated affirmatively shows that Almeda Duncan has no justiciable interest

or capacity to either bring or maintain the suit for cancellation of the conveyance to appellant. In Hollar v. Jowers, 310 S.W.2d 721 (Tex.Civ.App.1958, writ ref. n. r. e.) when confronted with the right of a devisee under an unprobated will to bring a suit for cancellation of a conveyance, we said:

"It is a fundamental principle that no person may maintain an action in court unless it is shown that he has a justiciable interest in the subject matter in litigation. 32 Tex.Jur. 12 and 13; City of Waco v. Akard, Tex.Civ.App., 252 S.W. 2d 496 (Writ Ref.). Appellees were not entitled to bring suit for cancellation of the deeds without showing an interest in the land. Edwards v. Williams, Tex.Civ. App., 291 S.W.2d 783. The only interest claimed in the land by appellees was as devisees under the will. To show such an interest, it was necessary to show a probated will and this they failed to do. Since appellees did not show an interest in the land, they were not entitled to bring this suit for cancellation and were not entitled to judgment cancelling said deeds."

No evidence was introduced during the temporary injunction hearing as to the validity or contents of the will and there was no showing as to whether the will had or had not been offered for probate other than the above mentioned statement contained in appellees' pleadings to the effect that appellees had agreed that it would not be probated at this time.

As to the justiciable interest of the three other appellees, Margaret Crosby, W. D. Crosby, and Eloise Adams, and their legal capacity to bring the suit, appellees alleged: "Plaintiffs, Margaret Crosby, W. D. Crosby and Eloise Adams, are the only surviving heirs at law of Ora Badger, deceased * * *" A suit by heirs during the period allowed for administration is controlled by the rule announced in White v. White, 142 Tex. 499, 179 S.W.2d 503 (1944) wherein the Court said:

"It is the general rule that during the period allowed for administration, before heirs as such may maintain a suit to recover property which they claim has descended to them, they must show that no administration is pending and none is necessary. Richardson v. Vaughan, 86 Tex. 93, 23 S.W. 640; Youngs v. Youngs, Tex.Com.App., 26 S.W.2d 191; Cyphers v. Birdwell, Tex.Civ.App., 32 S.W.2d 937; Laas v. Seidel, 95 Tex. 442, 67 S. W. 1015; Giddings v. Steele, 28 Tex. 732, 91 Am.Dec. 336; Green v. Rugely, 23 Tex. 539; Webster v. Willis, 56 Tex. 468; Rogers v. Kennard, 54 Tex. 30."

Appellees alleged " * * * that there is no necessity at this time for any administration * * * for the reason that at this time all of the property owned by the said Ora Badger has passed to and vested in the Defendant herein, George Pike, under the terms and conditions of such Trust Conveyance and Agreement * * * and until such Trust Agreement and Conveyance is cancelled, set aside and held for naught, there is no necessity for any administration, nor is there any necessity for the probating of the last will and testament of Ora Badger, deceased."

Appellees do not allege that there is no administration pending and none necessary, but allege that there is no necessity at this time for an administration and there will be no necessity until the conveyance is set aside.

In Ragsdale v. Prather, 132 S.W.2d 625 (Tex.Civ.App.1939, writ. ref.) the Court held that a claim in favor of an estate to set aside a conveyance by the deceased was ample property upon which to administer. In that case certain heirs brought suit to cancel a conveyance that had been made by the deceased and while the suit for cancellation was pending, one of the heirs filed application in the County Court to be appointed administrator of the estate. Other heirs contested the application "on the theory that the evidence fails to establish a necessity for administration, in that

it shows that on the date of his death [the deceased] was not possessed of any property". The Court held: "The claim to set aside the trust instrument is, in our opinion, sufficient property upon which to administer."

Furthermore, before the "heirs" of a decedent have a right to maintain a suit to recover property of the estate within the administration period, they must not only plead and prove there is no administration pending and no necessity for an administration, but they must also allege and prove that decedent left no will. Daniel v. Mayer, 213 S.W.2d 753 (Tex.Civ. App., no writ). In the instant case, not only was there no pleading that Ora Badger died intestate, but appellees specifically alleged that Ora Badger left her "last will and testament".

At the temporary injunction hearing, appellees introduced no evidence bearing upon either the pendency of, or necessity for, an administration of the estate of Ora Badger.

Appellees argue that questions of justiciable interest and capacity to sue would be significant if the trial were on the merits, but insist that such strict rules do not apply to a proceeding in equity for an ancillary temporary injunction.

Before an applicant is entitled to a temporary injunction he must plead a cause of action and he must show a probable right on final trial to the relief he seeks. Sun Oil Company v. Whitaker, 424 S.W.2d 216 (Tex.1968).

A cause of action has been defined as a fact or facts "entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief". A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939). In Borger v. Hazelwood, 199 S.W.2d 223 (Tex.Civ.App. 1946, no writ) the Court said:

"A 'Cause of action,' as defined in Black's Law Dictionary (2d Ed.) and

quoted in Davis v. Clark, Tex.Civ.App., 271 S.W. 190, 192, is a 'Matter for which an action may be brought. The ground on which an action may be sustained.' The term implies a legal right, the violation of which is a basis for redress in a judicial proceeding. If one has no legal right to sue, he has no cause of action."

In Lowe and Archer, Texas Practice, Injunctions and other Extraordinary Proceedings, page 348, Sec. 333, the authors state: "All applications for injunctive relief must demonstrate a justiciable interest in the applicant."

We hold that appellees' pleadings failed to show that any of the appellees had a justiciable interest in, or legal capacity to bring the suit on the merits for cancellation of the conveyance to appellant. Appellees failed to plead a cause of action. Furthermore, since appellees failed to show a justiciable interest, they failed to show a probable right on final trial to the relief sought.

The judgment of the trial court is reversed and judgment is here rendered dissolving the temporary injunction.

## ON MOTION FOR REHEARING

Appellees contend that the rule announced in Littlejohn v. Finder, 348 S.W. 2d 237, (Tex.Civ.App.1961, no writ) should control the disposition of the instant case. We disagree. In *Littlejohn* the suit was between the lessor of an oil and gas lease and the operator. The trial court granted the operator's application for a temporary injunction and the lessor, Littlejohn, appealed. The court said:

"Littlejohn urges that certain necessary parties were not joined in the injunction matter. The matter of parties upon the trial of the merits will present a serious matter, but this proceeding concerns temporary orders. One with rights which need preservation pending final trial, need not join all necessary parties before he can obtain interim orders. If

that were the rule, his rights might be lost before the parties could be found and joined."

We do not think that the rule announced is applicable. In *Littlejohn* there was at least one party to the suit who demonstrated a justiciable interest in, or legal capacity to bring the action. There is no such party in the instant case.

Appellees also point out that at the time the original suit was filed the will of Ora Badger was in the possession of appellant.

We note from appellees' pleadings that the will was filed "for safekeeping in the office of the County Clerk" several days prior to the hearing on the temporary injunction. We also again point out the agreement by appellees as expressed in their pleadings that the will would not be filed for probate until the conveyance was set aside.

We find nothing in the record to cause us to change the judgment heretofore entered. The motion for rehearing is overruled.