H. LEE CLIFTON, DECEASED, BY GLENN E. CLIFTON AND MARY L. CLIFTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Clifton v. Commissioner
Docket No. 17442-80.
United States Tax Court
T.C. Memo 1981-493; 1981 Tax Ct. Memo LEXIS 246; 42 T.C.M. (CCH) 1028; T.C.M. (RIA) 81493; September 10, 1981. *246 Held, respondent's motion to dismiss for lack of jurisdiction as to H. Lee Clifton, deceased, is granted. William Cohan, for the petitioners. Cynthia J. Olson, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before us on respondent's motion to dismiss the petition with respect to H. Lee Clifton, deceased, for lack of jurisdiction on the ground that the petition was not filed by the proper party. A hearing on this motion was held on June 1, 1981, in Denver, Colorado. On June 17, 1980, respondent mailed a statutory notice of deficiency to "Mr. H. Lee Clifton and Mrs. Mary L. Clifton, 4606 Ramsey Avenue, Austin, Texas 78756," wherein respondent determined a $ 636.34 deficiency in their 1978 Federal income tax and imposed an addition to tax of $ 31.84 *247 under section 6653(a). [1] On September 15, 1980, the petition in this case was filed in the names of "H. Lee Clifton, Deceased, by Glenn E. Clifton and Mary L. Clifton." The petition was signed by Mary L. Clifton, as "Petitioner/Pro Se Litigant," and by Glenn E. Clifton, the decedent's son, as "Petitioner/Pro Se Litigant." At the time the petition was filed, Mary L. Clifton resided in Austin, Texas, and Glenn E. Clifton resided in Englewood, Colorado. The record does not indicate whether or not an executor or administrator was appointed for H. Lee Clifton (hereinafter sometimes referred to as "the decedent"), nor is there any allegation as to the jurisdiction governing the disposition of his estate. On October 24, 1980, respondent filed a Motion to Dismiss for Lack of Jurisdiction as to H. Lee Clifton, Deceased, By Glenn E. Clifton and to Change Caption. On December 1, 1980, petitioners filed an objection to respondent's motion to dismiss asserting that Mary L. Clifton had appointed Glenn E. Clifton her attorney to "act in all matters dealing with tax matters, probate matters, distribution of *248 property and any other items pertaining to the Estate of her late husband H. Lee Clifton." Attached to the objection was the power of attorney which was executed on October 1, 1980, in Travis County, Texas. At the hearing on respondent's motion, petitioners were represented by counsel, but no evidence was offered in support of their objection to the motion. At the close of the hearing, the Court took respondent's motion under advisement and instructed the parties that the record would be held open until July 31, 1981, for petitioners to submit any additional information to support the Court's jurisdiction over the decedent. No additional information was submitted to the Court by petitioners. We must decide whether H. Lee Clifton, deceased, is a party over which this Court has jurisdiction. The burden of proving that this Court has jurisdiction is upon petitioners. Harold Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977). It is well settled that we are without jurisdiction unless the petition is filed by the taxpayer or someone authorized to act on his behalf. Fehrs v. Commissioner, 65 T.C. 346, 348 (1975). *249 Accordingly, Rule 60, Tax Court Rules of Practice and Procedure,[2] provides, in part, as follows: [a] Petitioner: (1) Deficiency or Liability Actions: A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (in the case of a notice of deficiency) or liability (in the case of a notice of liability), or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person. See Rule 23(a)(1). [Emphasis added.] (c) Capacity: * * * The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which he derives his authority. Rule 23(a)(1) provides, in part, as follows: A proper caption shall be placed on all papers filed with the Court * * *. The name of an estate or trust or other person for *250 whom a fiduciary acts shall precede the fiduciary's name and title, as for example "Estate of John Doe, deceased, Richard Roe, Executor." Thus, under our rules, local law determines who is entitled to represent a decedent's estate before this Court. Consequently, petitioners must establish that the petition was filed by a "fiduciary or other representative" authorized to institute a case on behalf of the estate of H. Lee Clifton under the law governing the disposition of his estate. Fehrs v. Commissioner, supra at 349.
We must hold that petitioners have failed to prove that H. Lee Clifton, deceased, is a party over which this Court has jurisdiction. Initially, since petitioners did not make any allegation as to the law governing the disposition of the decedent's estate, we are unable to determine the proper law to apply in deciding who had the capacity to file the petition on behalf of the decedent.[3] We believe that this alone requires us to find that petitioners have not satisfied their burden of proof. Nevertheless, since the record suggests that the decedent resided *251 and died in Texas and respondent in his memorandum of authorities has referred us to the laws of the State of Texas, we have considered Texas law and determined that it has not been established that either Mary L. Clifton or Glenn E. Clifton had the authority to file a petition for the decedent thereunder. See Fehrs v. Commissioner, supra at 349; Davison v. Commissioner, 13 T.C. 554, 558 (1949). Under Texas law, the administration of a decedent's estate is allowed only when necessary. Secs. 88, 178, Texas Probate Code Ann. (Vernon's 1956); Pitner v. United States, 388 F. 2d 651, 655-656 (5th Cir. 1967). See also Basye, "Streamlining Administration Under the New Texas Probate Code," 35 Tex. L. Rev. 165 (1956). Therefore, Texas law permits a decedent's heirs at law to maintain a suit on behalf of his estate *252 without formal authorization during the period allowed for instituting administration proceedings if they show that no administration of the estate is pending or necessary, and that the decedent left no will. Frazier v. Wynn, 472 S.W. 2d 750, 752 (Tex. 1971); Pike v. Crosby, 472 S.W. 2d 588, 590-591 (Tex. Civ. App. 1971); John Hancock Mut. Life Ins. Co. v. Sally, 163 S.W. 2d 651, 651-652 (Tex. Civ. App. 1942). [4] But cf. Butler v. United States, 23 F. Supp. 143 (S.D. Tex. 1938). Furthermore, section 160 of the Texas Probate Code Ann. (Vernon's 1956) provides that the surviving spouse possesses the powers of an administrator with respect to community property where no one has qualified as executor or administrator of the deceased spouse's estate. Where the income that is the basis for the notice of deficiency is community property, we have held that the surviving spouse has the capacity under the above-cited provision to represent *253 the deceased spouse's estate before this Court. Estate of Berry v. Commissioner, 41 T.C. 702, 706 (1964). The record does not show whether H. Lee Clifton died testate or intestate, nor is there any indication as to whether or not an executor or administrator was ever appointed. Moreover, petitioners failed to even allege that no administration of the estate was pending or necessary. Finally, the record does not show that Mary L. Clifton and Glenn E. Clifton were the decedent's sole heirs or that they were empowered to represent all of his heirs. Under these circumstances, we cannot find that either Mary L. Clifton or Glenn E. Clifton had the authority to represent the decedent under Texas law. Thus, the power of attorney that Mary L. Clifton gave to Glenn E. Clifton has no bearing on our jurisdiction over the decedent. Accordingly, respondent's motion to dismiss for lack of jurisdiction as to H. Lee Clifton, deceased, and to change caption must be granted. An appropriate order will be issued. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Unless otherwise indicated, any "Rule" references are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioners not only failed to make any specific allegation as to the law governing the disposition of the decedent's estate, but also failed to allege facts from which we could determine what law to apply.↩
4. See also Beatty v. Commissioner, T.C. Memo. 1980-168↩.